1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CASEY ELLEN FICKARDT,                    No. 2:21-cv-00250-EFB (SS)

12                Plaintiff,

13        v.                                  ORDER

14   COMMISSIONER OF SOCIAL
     SECURITY,
15
                 Defendant.
16

17        Pursuant to 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an

18   award of attorney fees in the amount of $47, 652.75.  ECF No. 23.  Defendant has filed a

19   response, in which he indicates non-opposition to the motion.  ECF No. 25.  For the reasons set

20   forth below, the court grants the motion.

21        Section 406 of the Social Security Act, 42 U.S.C. § 406(b)(1)(A), provides, in relevant

22   part:

23              Whenever a court renders a judgment favorable to a claimant under
                this subchapter who was represented before the court by an
                attorney, the court may determine and allow as part of its judgment
24              a reasonable fee for such representation, not in excess of 25 percent
                of the total of the past-due benefits to which the claimant is entitled
25              by reason of such judgment.

26   Rather than being paid by the government, fees under the Social Security Act are awarded out of

27   the claimant's disability benefits.  *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991),

28   *receded from on other grounds*, *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 1991).  The 25

                                              1

1  percent statutory maximum fee is not an automatic entitlement, however; the court also must

2  ensure that the requested fee is reasonable.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002)

3  ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling;

4  instead, § 406(b) instructs courts to review for reasonableness fees yielded by those

5  agreements.").  "Within the 25 percent boundary . . . the attorney for the successful claimant must

6  show that the fee sought is reasonable for the services rendered."  *Id*. at 807.  A "court may

7  properly reduce the fee for substandard performance, delay, or benefits that are not in proportion

8  to the time spent on the case."  *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en

9  banc).

10      Counsel for plaintiff has requested attorney's fees totaling $47,652.75 under § 406(b).

11  ECF No. 23.  The record demonstrates that counsel represented plaintiff in her appeal from her

12  Social Security disability benefits denial, ultimately securing for her a favorable judgment from

13  this court and an award of past-due benefits dating back to March 2013, *see* ECF Nos. 1, 19-20,

14  23-4, thus satisfying the threshold requirements of 42 U.S.C. § 406(b)(1)(A).  *See* 42 U.S.C. §

15  406(b)(1)(A) (permitting an award of attorney's fees "[w]henever a court renders a judgment

16  favorable to a claimant under this subchapter who was represented before the court by an

17  attorney").

18      The amount requested is reasonable.  *See* 42 U.S.C. § 406(b)(1)(A).  The uncontested

19  record demonstrates that the amount requested, $47,652.75, reflects 25 percent of the past-due

20  benefits that plaintiff was awarded by defendant, and that plaintiff's counsel is entitled to this

21  percentage pursuant to the fee agreements into which counsel and the plaintiff entered.  *See* ECF

22  No. 23, Yim Decl. ¶ 3, Exs. A-B (fee agreements); ECF No. 23-4 (letter from Social Security

23  Administration), at 4.  There are no factors on the record suggesting that this fee award is

24  unreasonable.  *See Gisbrecht*, 535 U.S. at 807-09; *Crawford*, 586 F.3d at 1151.  Counsel obtained

25  a successful result for plaintiff in this case, representing her capably over many years and through

26  multiple levels of review.  The record does not suggest that counsel performed substandardly in

27  any fashion, nor engaged in dilatory tactics.  *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d

28  at 1151.

The requested fee also does not reflect an undue windfall to counsel.  *See Crawford*, 586 F.3d at 1152.  Counsel tendered with his motion records indicating that he spent 62 hours performing tasks related to the representation of plaintiff in this matter.  ECF No. 23, Yim Decl. ¶ 9, Ex. C.  Defendant observes that this would reflect an hourly rate of approximately $745.  ECF No. 25 at 1-2.  This hourly rate is not unreasonable, nor does it render the 25-percent contingency fee award unreasonable.  *See, e.g.*, *Crawford*, 586 F.3d at 1145-47, 1153 (approving as reasonable in 2009 awards of attorney's fees that resulted in effective hourly rates of $519, $875, and $902); *Lowery v. Comm'r of Soc. Sec.*, No. 2:22-CV-01979-EFB (SS), 2025 WL 417985, at *1 (E.D. Cal. Feb. 6, 2025) (awarding attorney's fees at effective hourly rate of $863); *Snell v. Kijakazi*, No. 2:18-CV-02719-EFB, 2022 WL 525482, at *1 (E.D. Cal. Feb. 22, 2022) (awarding fees at effective hourly rate of $900); *Mayfield v. Comm'r of Soc. Sec.*, No. 1:16-cv-01084-SAB, ECF No. 24, at 5 (E.D. Cal. March 19, 2020) (approving hourly rate of $1,025.22 for paralegal and attorney time); *Biggerstaff v. Saul*, 840 Fed. App'x 69, 71 (9th Cir. 2020) (affirming $1,400.00 per hour for combined attorney and paralegal work); *see generally In re Washington Public Power Supply Sys. Lit.*, 19 F.3d 1291, 1299-1301 (9th Cir. 1994) (a contingency fee agreement may reasonably reflect rates that far exceed market value, because counsel assumes the financial risk intrinsic to the contingency); *see also Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (same).

Accordingly, undersigned finds the fee amount requested reasonable in light of the contingency fee agreement executed between counsel and plaintiff, the time counsel spent litigating the case, the risk counsel incurred by representing plaintiff on contingency, the successful result achieved, and the absence of any indication of dilatory conduct or a windfall to counsel.  *See Gisbrecht*, 535 U.S. at 808-09; *Crawford*, 586 F.3d at 1151.

Counsel acknowledges that the award must be offset by the fees previously awarded under the Equal Access to Justice Act ("EAJA").  ECF No. 23; *see Gisbrecht*, 535 U.S. at 796.  On July 18, 2019, the court awarded counsel $5,800 in attorney's fees under the EAJA, *see Fickardt v.*

*Commissioner*, No. 2:16-cv-02596, Doc. No. 24 (E.D. Cal. July 18, 2019),[1] and, on December 20, 2022, this court awarded counsel $7,365.55 under the EAJA, pursuant to the parties' stipulation. ECF No. 22.  Because these total $13,165.55, which is less than the amount of attorney's fees requested under 42 U.S.C. § 406(b), once counsel receives the fee award under § 406(b), counsel must refund to plaintiff the amount the prior awards under the EAJA.  *See Gisbrecht*, 535 U.S. at 796.

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's counsel's motion for attorney's fees (ECF No. 23) is granted.

2.  Plaintiff's counsel is awarded a total of the $47,652.75 in fees pursuant to 42 U.S.C. § 406(b).

3.  Upon receipt of the fee award, counsel shall refund to plaintiff the sum of $13,165.55, previously awarded under the EAJA.

Dated: November 10, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned takes judicial notice of the orders and filings in *Fickardt v. Commissioner*, No. 2:16-cv-02596, Doc. No. 24 (E.D. Cal.), pursuant to Federal Rule of Civil Procedure 201.  *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953).